### W<sup>ms</sup> ag<sup>t</sup> Fogg etc.

John Williams plaint. ag<sup>t</sup> Ezekiel Fogg & Comp<sup>a</sup> Defend<sup>ts</sup> in an action of reveiw of a judgem<sup>t</sup> granted the s<sup>d</sup> Fogg & comp<sup>a</sup> to the value of nine pounds Seventeen Shillings & five pence in mony for ballance of Acco<sup>t</sup> it being aboue ten pounds to the damage of the plaint. besides other damages; which judgment was granted the s<sup>d</sup> Fogg & comp<sup>a</sup> at a County Court held at Boston the. 25th day of January. 1675. & all other due damages according to attachm<sup>t</sup> dat<sup>d</sup> March. 8th 1675/6. . . . The Jury . . . founde for the plaint. nine pounds Seventeen Shillings five pence in mony & costs of Court. The Defendant appealed from this judgem<sup>t</sup> unto the next Court of Assistants & himselfe principall in £.20: & Phillip Read & Tho: Cox Sureties in £.10. apeice bound themselues respectiuly in the Summes afores<sup>d</sup> . . . on condicion the s<sup>d</sup> Ezekll Fogg should prosecute his appeale . . . [ 370 ]

[ A review of a case at the January session (above, pp. 656–61).  Fogg appealed as follows (S. F. 1472.4):

Phillip Read and Thomas Cox as suretyes For Ezekiell Fogg theyr Resons of Appeale on the behalfe of the said Fogg & Company from the Judgment of the Honno<sup>r</sup>ed County Court held in Boston the 25th of Aprill Last past in which was Judgment granted to John Williams plajn<sup>t</sup> Agaynst Ezekiell fogg & Company Defendants

Imp<sup>r</sup>mis Wheras the said Ezekiell Fogg & Company had a Judgment granted for Nine pownds seuentene shillings & fiue penc by the honno<sup>r</sup>ed County Court held in Boston the 25th of January Last past agaynst the said williams for a Debt Due by book and possitiuely proued as may appear by the Records of the said Court and therfore the Apelant takes it as a great Agriuement to be Cast by the witnis of John Geffard & m<sup>r</sup> Hudson Leueret at the next Court held in Aprill

2<sup>dlly</sup> Wheras the two testimony of John Geffards & M<sup>r</sup> Hudson Leueret are not any ways Circumstancl: as to ou<sup>r</sup> former acction or to Reuoke the former Judgment for John Geffords testimony stands on ou<sup>r</sup> behalfe in that he saith he herd Fogg say he had sould a parcell of goods to Frissill & williams which Justyfyes and Confirms ou<sup>r</sup> former Judgment in Jann Cour<sup>t</sup>

Thirdly Wheras John Gefford and M<sup>r</sup> Leueret testyfyes of a bill giuen by the said John williams vnto the said fogg yet in theyr testymonyes they Doe not agre Neyther Doe they Sweare that y<sup>t</sup> bill was giuen for the ballancing of that accompt sued for by the said fog Nor yet was the bill giuen for the Ballancin of all accompts as may appear by theyr Testymonyes and therfore we humbly Conceiue y<sup>t</sup> the Judgmen[t] that Ezekiell Fogg Recouered in Jann: Court Agaynst williams Remayns Just and Right still

4<sup>thly</sup> Wheras the two witnisses pretend they herd fogg say he had a bill: which is Nothing but a heresay & not possitiuely therfore not witnis suffissiently to Diuert the former acction besides the testimony of John Geffard Doth more

Confirme the Justness of ou$^r$ former acction for wheras he sayes there was a bill but it would not answer fogs ends which argues the bill was not suffissient if any such bill weare

5$^{th}$ly Wheras the said Geffards testimoni Doth appeare out of mear selfe ends & mallis because the said fogg had Recceued the said mony of Williams and he Could not get a part of it in pretenc y$^t$ he had a Rite vnto it or els why should he offer to Discharg Williams for fower pownds

6$^{th}$ly If any such bill had bin or Could be Legally proued the said williams had his way by Law to Recouer the same if on the payment of his Due Debt Recouered he Receued not a Discharg for the same wherfore by all these Resons we Humbly Conseue ou$^r$ former acction gayned in January Court stands good

Phillip Read
Thomas Cox

These Reasons were received August: 30th 1676.

per Is$^a$ Addington Cler

## To this Williams replied as follows (S. F. 1272.2):

Nath$^{ll}$ Williams Attorney to John Williams his Ansuer to the Reasons of Appeale given in to this H$^{ond}$ Court of Assistants, in the behalfe of & Suretyes for Ezekiell Fogg, by Philip Reed & Tho Cox &c

Inprimis. To the first Reason I answer, y$^t$ the Testimonyes of M$^r$ Hudson Leverett, & M$^r$ Jn$^o$ Giffard being duely Considered, the now Defend$^t$ would have had greater Cause of aggreivent, if their Evidences soe positively proving a Bill, given by y$^e$ Defend$^t$ & Tho: Frizzell unto Fogg the now Plantiffe, & y$^t$ Bill to be the ballance of Acc$^{ots}$ betweene them; showld not reverse the Judg$^t$ of the Hon$^d$ County Court held in January Last past. then the Plantiffe hath of being aggreived for being Cast by the positive testimony of two substantiall Wittnesses whereas the Judg$^t$ of the Court in January (as I humbly Conceive) was only grounded on Foggs Single Evidence to his owne Acc$^{ot}$ not agreeing w$^{th}$ his Acc$^t$ given in & Sworne to before the worshipfull Simon Bradstreet Esq$^r$ both by s$^d$ Fogg & William Grice. as per ye s$^d$ Acc$^{ot}$ in Last article of the Same but one may appeare, For there it is said the Glasses were dd to Frizzell, & at that time the now Def$^{dt}$ was at N. Yorke w$^{ch}$ was allso after the Ballance was made up, & a Bill given for the Same. & In January Court the Def$^{dt}$ was Visited w$^{th}$ a fitt of Sicknesse, & Soe was inforced to reveiw his action to the next County Court in Aprill, not being able in January Court to be personally present to defend his Case —

2ly To the 2$^d$ R: I answer that the Evidences of m$^r$ Leverett & m$^r$ Giffard are Every way Circumstanct to the former action for the revocation of the Judg$^t$ of January Court For though Giffard Swares y$^t$ Fogg sould a parsell of goods yet take all his Evidence, that the Bill given to Fogg was for the Ballance of Acc$^{ots}$ it planely appearing y$^t$ W$^{ms}$ & [Frizzell] had given their Bill in Ballance they Could not be Sued upon Acc$^{ot}$ w$^{ch}$ Justifyes & Confirmes the Judg$^t$ of January Court.

3$^{ly}$ As to y$^e$ 3$^d$ Reason I referr it to the Consideration of this Hon$^d$ Court & Jury how farr the testimonies of M$^r$ Leve$^r$t & M$^r$ Giffard doe agree: Giffard Swares y$^t$ it was for the ballance of Acc$^{ots}$ betweene them now; there was never any Acc$^{ot}$ pretended to or Sued for by s$^d$ Fogg; but that Acc$^{ot}$ for the summ & Substance of it, w$^{ch}$ was Sued upon in January Court & sworne to by s$^d$ Fogg & Grice, as is alledged

in my ansuer to his first reason; If there Ever was any other Acc$^{ot}$ be$^t$ the Plantiffe & Def$^t$. Let the plantiffe produ$^c$e the Same, else of necessity it must be for ballance of y$^t$ Account

4ly I ansuer to y$^e$ 4th Reason y$^t$ Whereas they Say that y$^e$ witt[nesses] pretend they heard Fogg say &c: is as much as if they should have said that the wittnesses swore to pretensions: w$^{ch}$ [is] an Odium Cast upon the wittnesses; whereas on the Contrary one of them positively Swares, that he had heard Fogg often say that he had taken a Bill under W$^{ms}$ his hand for ballance of acco$^{ts}$ between him & Frizzuell: & the other swares y$^t$ Fogg shewed him the Bill: as per their Evidences may more fully appear. The Plantiffe (I conceive) will hardly finde any Evidence that will prove y$^e$ Justnesse of soe fraudulent an action as that was in January Court. had Fogg produ$^c$ed the Bill or Sued by y$^e$ Bill he could have recovered of Williams but his proportion of the ballance they being not bound Jointly & Severally; & that was the Reason why Fogg tould Jeffords it would not ansuer his End to Sue by Bill but upon Acc$^{ot}$.

5. The Fifth Reason is only a Charging of m$^r$ Geffard w$^{th}$ swaring for Selfe Ends & mallice, w$^{ch}$ Concernes s$^d$ Giffard more then the Defd$^t$ or the Case

6ly To the sixth I answer that such a Bill hath bin Legally proved to be in the hands of Fogg & detained by him, & would have bin sued upon had it bin sufficient to have reacht his Ends. therefore that being proved, Fogg had no cause of action to sue the Defd$^t$ upon Acc$^{ot}$. a discharge from the Bill would not be any advantage to the Defd$^t$ because another is Concerned Conjunctly.w$^{th}$ himselfe. Wherefore the Defd$^t$ humbly Conceives & hopes that it will plainly appeare to this Hon$^d$ Court & Jury, that the Reversion of the Judg[$^t$] of the Hon$^d$ County Court held in January, graunted to y$^e$ Defd$^t$ att the next County Court in Aprill is good & Legall, & y$^t$ this Hon$^d$ Court & Jury will give ther Confermation of the same

Your Hono'rs humble Serv$^t$
Nath$^{ll}$ Williams

The Court of Assistants (Records, i. 68) confirmed the former judgment. See also Fogg v. Leverett, p. 689, below.]